## BALTIMORE CITY COURT.

Filed June 30, 1928.

STATE OF MARYLAND EX REL. FRANK BUTTION,

VS.

JOSEPH A. DELANEY, WARDEN OF THE MARYLAND HOUSE OF CORRECTION.

*George L. Pendleton* for petitioner.

*C. R. Wharton Smith, Assistant State's Attorney of Baltimore City,* and *James C. L. Anderson, Deputy State's Attorney of Baltimore County,* for respondent.

742

STEIN, J.—

The relator petitioned this Court to allow an appeal in this case to the Supreme Court of the United States, under Senate Bill, Public No. 10 of the Seventieth Congress, approved January 31, 1928, as amended by House Bill, Public No. 322, same Congress, approved April 26, 1928, which are as follows:

### Senate Bill, Public No. 10

"That the writ of error in cases, civil and criminal, is abolished. All relief which heretofore could be obtained by writ of error shall hereafter be obtainable by appeal."

"Sec. 2. That in all cases where an appeal may be taken as of right, it shall be taken by serving upon the adverse party or his attorney of record, and by filing in the office of the clerk with whom the order appealed from is entered, a written notice to the effect that the appellant appeals from the judgment or order or from a specified part thereof. No petition of appeal or allowance of an appeal shall be required: Provided, however, that the review of judgments of State Courts of last resort shall be petitioned for and allowed in the same form as now provided by law for writs of error to such Courts.

### House Bill, Public No. 322

"That Section 2 of an Act entitled 'An Act in Reference to Writs of Error,' approved January 31, 1928, Public, Numbered 10, Seventieth Congress, be, and it is hereby amended to read as follows:

"Sec. 2. The statutes regulating the right to a writ of error, defining the relief which may be had thereon, and prescribing the mode of exercising that right and of invoking such relief, including the provisions relating to costs, supersedeas, and mandate, shall be applicable to the appeal which the preceding section substitutes for a writ of error."

The proceedings began with the filing of a petition for a writ of habeas corpus, because that Francis or Frank Buttion was confined in the House of Correction in Anne Arundel County, Maryland, contrary to the provision of: (a) Article 6 of the Federal Constitution (meaning the Sixth Amendment); (b) the Fourteenth Amendment thereto; and (c) Article 21 of the Constitution of Maryland (meaning the Declaration of Rights).

The writ was issued; at the hearing the relator brought into Court, by the Warden of the House of Correction, who as his authority for holding Buttion, set up the record of Buttion's conviction in and sentence by the Circuit Court for Baltimore County.

Buttion produced testimony, showing his trial in the Circuit Court for Baltimore County, at which his counsel waived a jury trial; his conviction and sentence to the Maryland House of Correction.

He also produced testimony, from which, if believed, an inference could be drawn, that his counsel was not authorized to waive a jury trial.

This testimony was admitted over objections of respondent's counsel, so as to give Buttion opportunity to show, that the Circuit Court for Baltimore County did not have jurisdiction to try him.

"Proceedings under a writ of habeas corpus are limited to jurisdictional questions. Craig vs. Hecht, 263 U. S. 277.

From this testimony I found: (a) That Buttion did authorize his counsel to waive a jury trial; that he knew such waiver had been made and did

not object thereto at any time. On February 25, 1928, an order was passed remanding the relator to the custody of the respondent; thereafter the petition was filed by which Buttion asked this Court: (a) To allow an appeal to the Supreme Court of United States; (b) To order the issuing of a citation; (c) To release the relator under a bond with a penalty to be fixed by the Court.

I will not pass an order allowing the appeal, or any relief prayed, because:

I. The jury trial guaranteed by the Sixth Amendment to the Federal Constitution, is not a jury trial of a prosecution by a State.

"It has been well settled for years that the first ten amendments apply only to the procedure and trial of causes in the Federal Courts and are not limitations upon them in State Courts," by Chief Justice Taft in Gaines vs. The State, 72 Law Ed. Supreme Court Reports, p. 574 at 575, decided May 14, 1928; and Maxwell vs. Dow, 176 U. S. 581 to 605.

II. The question as to whether or not the trial in the Circuit Court for Baltimore County was due process of law under the Fourteenth Amendment to the Federal Constitution cannot be raised in this proceeding, because, paraphrasing the language of Chief Justice Taft in Gaines vs. The State, supra:

"The record does not disclose facts which would justify this Court in allowing the case to be brought to the Supreme Court of the United States for review."

As it does not show that at the trial in the Circuit Court for Baltimore County the relator raised either the above question or any other Federal question, so one cannot be raised in these proceedings, otherwise the writ of habeas corpus would operate as a writ of error.

"The writ of habeas corpus cannot be used as a substitute for a writ of error, but must be limited to jurisdictional questions." Craig vs. Hecht, 263 U. S. 251 at 277 and 278.

The record in these proceedings shows: The relator was convicted by the Circuit Court for Baltimore County, which had jurisdiction, and after a trial in which no Federal question was raised.